## Recorder's Court of Detroit.

## IN THE MATTER OF JOHN T. RYAN.

*Privileges of a Witness.*

The prompt service of the process of courts cannot be prevented by rules of manufacturers, requiring that no one shall visit employees during business hours.

On August 14, 1883, police officer Dealer went to John T. Ryan's place of business on Woodbridge street, Detroit, for the purpose of serving a subpœna issued out of the Recorder's Court, upon one of Ryan's employees. The officer failed to serve the subpœna, because, as he claimed, Ryan refused him access to the employee, and indulged in threats against the officer.

The court issued an order requiring Ryan to show cause why he should not be punished for contempt of court for his conduct.

Ryan, in his answer to the order to show cause, set forth the facts that himself and brother, Dennis T. Ryan, do business at 18 and 20 Woodbridge street east, and employ 250 hands; and that there is a rule of affiant's place of business (which is a general rule in most factories) that no person is allowed to visit or see any of the employees about the factory during business hours except upon the business of the house; that on August 14th, a policeman called and stated that he had a subpœna for Mr. Woods; that affiant said to the officer that he could see Woods at his residence; affiant, after looking through the directory and not finding Woods' name, ascertained from Woods his address and gave it to the officer, who went away apparently satisfied.

Affiant also disclaimed the use of threats or force of any kind, did not know what character of paper the officer had, and denied any intention to obstruct any process or officer of the court.

Prosecuting Attorney Caplis then put Officer Dealer on the stand, who swore to the facts set forth in the affidavit upon which Mr. Ryan was brought into court.

Mr. Brennan, attorney for Ryan, had his client sworn. He made his statement in support of his answer.

The Court, SWIFT, J., Held: That no rule of a business house could interrupt the prompt service of process or of the order of the court on employees.

The respondent was held guilty of contempt, and the court imposed a fine of twenty dollars or thirty days in jail.

Decided August 18, 1883.

*James Caplis*, Prosecuting Attorney, for the application.

*Michael Brennan*, (of Brennan & Donnelly,) for Respondent.